UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 26-cv-21468-CMA

ADRIENNE G. KELLY,

     Plaintiff,

vs.

NCL (BAHAMAS) LTD,

     Defendant.

_____/

## JOINT MOTION TO STAY CASE
## PENDING COMPLETION OF PLAINTIFF'S MEDICAL TREATMENT

**COMES NOW**, Plaintiff, ADRIENNE G. KELLY, and Defendant NCL (BAHAMAS) LTD ("NCL") (collectively the "Parties"), by and through their respective undersigned counsel, who hereby move to stay this case pending completion of Plaintiff's medical treatment. In support thereof, the parties state as follows:

### BACKGROUND

1. Plaintiff alleges that on March 30, 2025, she was injured when she tripped and fell over an unmarked, hidden and/or camouflaged step while descending the staircase from Deck 17 to Deck 16 in the Haven Lounge of the *Aqua* [D.E.1].

2. On March 5, 2026, Plaintiff filed her lawsuit against Defendant. [D.E.1].

3. Per the ticket contract with NCL, Plaintiff was required to file her lawsuit within one (1) year of her injury date; had Plaintiff failed to file by that time, Plaintiff's claims would be time barred.

4. Notwithstanding the above, Plaintiff is still receiving medical treatment for the injuries she claims were caused by the March 30, 2025, incident. For example, Plaintiff recently saw a

- 1 -

neurologist who recommended she see a gastroenterologist due to weight loss as a result of post concussive nausea she has been experiencing since the incident. Plaintiff is in the process of scheduling an appointment with a gastroenterologist. In addition, Plaintiff is scheduled to have a follow up with her ophthalmologist on May 14, 2026, due to vision issues she continues to experience since the incident. Plaintiff also continues to attend follow up appointments with her neurologist due to post concussive symptoms she continues to experience since the incident.

5.   At present, Plaintiff has been completing follow-up care with various providers.

6.   In view of the foregoing, the Parties respectfully requests that this Court stay and/or administratively close this case and allow Plaintiff's counsel to provide the Court with periodic status updates as to Plaintiff's treatment in 60-day intervals. Further, the Parties propose that once Plaintiff is finished with medical treatment, the Parties will file a motion to reopen the case, along with a Joint Scheduling Report.

7.   This request is not made for purposes of delay, but to conserve the Parties' and the Court's resources, so that once Plaintiff completes her medical treatment, this matter can move smoothly and efficiently through the legal system. No party will be prejudiced by this relief and, in fact, granting said relief furthers the interests of judicial economy.

## MEMORANDUM OF LAW

8.   It is well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties. *See, e.g., Landis v. North Am. Water Works and Elec. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (noting that federal courts have inherent authority to stay proceedings to conserve judicial resources and ensure that each matter is handled efficiently); *see also In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011); *Pierce v. State Farm Mut. Auto. Ins. Co.,* 14-22691-CIV, 2014 WL 12528362, at *1

(S.D. Fla. Dec. 10, 2014) ("Federal courts also have broad discretion to stay proceedings as part of their inherent authority to control their docket").

The Parties respectfully submit that should the Court grant the stay requested and Plaintiff is permitted to complete her medical treatment before the case progresses further, judicial resources will be conserved. Specifically, once the Plaintiff completes her medical treatment, the Parties will be in a better position to understand the case, conduct discovery, and potentially resolve the case amongst themselves.

**WHEREFORE**, based on the foregoing, the Parties respectfully request that this Honorable Court stay the case pending completion of Plaintiff's medical treatment. A Proposed Order is attached hereto as **Exhibit 1**.

**LOCAL RULE 7.1A (3) CERTIFICATE OF GOOD FAITH**

In compliance with Local Rule 7.1, counsel for Plaintiff and counsel for Defendant NCL have conferred and agree on the requested relief sought herein.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   *Ashley E. Wentz*
      **ASHLEY E. WENTZ**
      Florida Bar No. 1054401
      awentz@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *Ashley E. Wentz*

**ASHLEY E. WENTZ**
Florida Bar No. 1054401
awentz@lipcon.com

## SERVICE LIST
### CASE NO. 26-cv-21468-CMA

| **ASHLEY E. WENTZ, ESQ.** | **TODD L. SUSSMAN, ESQ.** |
| --- | --- |
| awentz@lipcon.com | tsussman@ncl.com |
| LIPCON, MARGULIES & WINKLEMAN, P.A. | NORWEGIAN CRUISE LINE |
| 2800 Ponce de Leon Boulevard, Suite 1480 | 7665 Corporate Center Drive |
| Miami, FL 33134 | Miami, FL 33126 |
| Phone: 305-373-3016 | Telephone: (305 436-4653 |
| Fax: 305-373-6204 | Facsimile: (305) 468-2132 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |